**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

NICHOLE JACOBSEN, KATHERINE          )
KING, DEBORAH DALRYMPLE,             )
LAURA PHILLIPS, and JEFFREY          )
HUNTER, individually and on behalf   )
of all others similarly situated,    )    Case No. 2:24-cv-00386-GRB-ST
                                     )
                      Plaintiffs,    )    **DEFENDANTS' ANSWER AND**
            v.                       )    **DEFENSES TO PLAINTIFFS' THIRD**
                                     )    **AMENDED CLASS ACTION**
LONG ISLAND COMMUNITY                )    **COMPLAINT**
HOSPITAL, ROBERT SCHWARZ,            )
ERNEST PATRICK SMITH, LISA ROSE,     )
RICHARD MARGULIS, JAMES              )
MAIORINO, WALTER LADICK, MARK        )
MULHOLLAND, MARC ADLER, and          )
FREDERICK C. BRAUN, III,             )
                                     )
                      Defendants.    )
                                     )

Defendant Long Island Community Hospital[1] ("Defendant Hospital") and Defendants Robert Schwarz, Ernest Patrick Smith, Lisa Rose, Richard Margulis, James Maiorino, Walter Ladick, Mark Mulholland, Marc Adler, and Frederick C. Braun, III (collectively, "Individual Defendants" and together with the Hospital, "Defendants") respectfully answer and assert their defenses to the claims and allegations set forth in the Third Amended Class Action Complaint [Dkt. 55] in the above-captioned matter.

The headings and subheadings within the Third Amended Complaint do not contain allegations that require a response. To the extent a response is required, the allegations contained in the headings and subheadings are denied.

The introduction to the Third Amended Complaint contains allegations not contained in a numbered paragraph in violation of Federal Rule of Civil Procedure 10(b) and as such no response

---

[1] On March 1, 2025, Long Island Community Hospital merged into the NYU Langone Hospitals and ceased to exist as a separate entity.

is required. To the extent a response is required, Defendants deny that they have breached their fiduciary duties to Plan participants or engaged in any unlawful conduct with respect to the Plan. Defendants further deny that Plaintiffs are entitled to the relief sought in this action.

## INTRODUCTION

1.        Defendants admit that Plaintiffs have brought this putative class action under 29 U.S.C. §§ 1109-1461 against Defendants. To the extent that paragraph characterizes this statute, such characterizations are legal conclusions to which no response is required. Furthermore, no response is required to the remaining conclusions of law included in Paragraph 1. The inclusion of Footnote 1 within Paragraph 1 also violates Federal Rule of Civil Procedure 10(b), and thus no response is required. Footnote 1 also purports to quote a publication, which speaks for itself and to which no response it required. To the extent a response is required, Defendants deny the allegations in Paragraph 1 and Footnote 1.

2.        Paragraph 2 purports to quote a statute and judicial opinions. These documents speak for themselves and thus no response is required. Paragraph 2 also characterizes statutory text, which speaks for itself and to which no response is required. Paragraph 2 also contains conclusions of law and arguments to which no responsive pleading is required. To the extent that a response is required, Defendants deny all allegations in Paragraph 2.

3.        Defendants deny the allegations in Paragraph 3. Footnote 2 of Paragraph 3 purports to characterize information contained in documents published by the Securities and Exchange Commission. These documents are publicly available, speak for themselves, and require no response. To the extent a response is required to Footnote 2 of Paragraph 3, the allegations contained therein are denied.

4.        Defendants deny the allegations in Paragraph 4.

5.        Defendants deny the allegations in Paragraph 5. To the extent Paragraph 5 contains conclusions of law, no responsive pleading is required.

## JURISDICTION AND VENUE

6.        Defendants admit that Plaintiffs purport to bring this action pursuant to 29 U.S.C.

2

§ 1132(a). Defendants deny that any relief is available to Plaintiffs under this statute and deny the remaining allegations contained in Paragraph 6.

7.      Plaintiffs purport to bring this action under ERISA (29 U.S.C. § 1132(a)), and on that basis, Defendants admit that this Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1331. Defendants presently lack sufficient information to admit or deny whether the Court does or does not have subject matter jurisdiction over this matter for any other reason, such as a lack of standing by one or more individual plaintiffs.

8.      Plaintiffs' assertion about whether venue is proper in this District and Division are legal conclusions to which no response is required. Defendants admit the Plan is administered in this District and that at least one Defendant is located in this District. Defendants deny that any of the alleged breaches took place, in any venue.

## PARTIES

### Plaintiffs

9.      Defendants lack sufficient information at this time to admit or deny the allegations contained in Paragraph 9 about Plaintiff Nichole Jacobsen's residence or participation in the Plan. To the extent a response is required, these allegations are denied. Defendants deny all remaining allegations in Paragraph 9. The inclusion of Footnote 3 within Paragraph 9 also violates Fed. R. Civ. P. 10(b), and thus no response is required. Footnote 3 also contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny the allegations in Footnote 3.

10.     Defendants lack sufficient information at this time to admit or deny the allegations contained in Paragraph 10 about Plaintiff Katherine King's residence or participation in the Plan. To the extent a response is required, these allegations are denied. Defendants deny all remaining allegations in Paragraph 10.

11.     Defendants lack sufficient information at this time to admit or deny the allegations contained in Paragraph 11 about Plaintiff Deborah Dalrymple's residence or participation in the Plan. To the extent a response is required, these allegations are denied. Defendants deny all

remaining allegations in Paragraph 11.

12.     Defendants lack sufficient information at this time to admit or deny the allegations contained in Paragraph 12 about Plaintiff Laura Phillips' residence or participation in the Plan. To the extent a response is required, these allegations are denied. Defendants deny all remaining allegations in Paragraph 12.

13.     Defendants lack sufficient information at this time to admit or deny the allegations contained in Paragraph 13 about Plaintiff Jeffrey Hunter's residence or participation in the Plan. To the extent a response is required, these allegations are denied. Defendants deny all remaining allegations in Paragraph 13.

**The Plan**

14.     Defendants admit the Plan was established effective July 1, 2002, as a defined contribution plan. Defendants admit that, according to the Plan's Form 5500 for the year ending December 31, 2022, the Plan had 2,309 participants and $246,951,879 in net assets. Defendants deny the remaining allegations in Paragraph 14.

**Defendants**

15.     Paragraph 15 purports to characterize Form 5500 documents. These documents speak for themselves and thus no response is required. Further, Paragraph 15 asserts arguments and conclusions of law to which no response is required. To the extent that a response is required, Defendants admit that Defendant Hospital maintained its place of business at 101 Hospital Rd, Patchogue, NY 11772. Defendants further admit that Defendant Hospital was the sponsor and administrator for the Plan. Defendants deny the remaining allegations in Paragraph 15.

16.     Defendants admit that the Individual Defendants are past members of the Plan's Pension Committee during the purported class period. Defendants deny the remaining allegations in Paragraph 16

17.     Paragraph 17 asserts legal arguments and conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 17.

4

18.     Paragraph 18 asserts arguments and conclusions of law, to which no response is required. To the extent a response is required, Defendants admit that Empower Annuity Insurance Company, formerly Prudential Retirement Insurance and Annuity Company, is a service provider to the Plan. Defendants deny the remaining allegations in Paragraph 18.

## DEFENDANTS' FIDUCIARY OBLIGATIONS

19.     Paragraph 19 purports to quote a statute and a judicial opinion. These documents speak for themselves and thus no response is required. Paragraph 19 also states conclusions of law and arguments, to which no responsive pleading is required. To the extent that a response is required, Defendants deny all allegations in Paragraph 19.

20.     Paragraph 20 purports to quote a statute and a judicial opinion. These documents speak for themselves and thus no response is required. Paragraph 20 also states conclusions of law and arguments, to which no responsive pleading is required. To the extent that a response is required, Defendants deny all allegations in Paragraph 20.

21.     Paragraph 21 purports to quote a statute, which speaks for itself and requires no response. Paragraph 21 also states conclusions of law and arguments, to which no responsive pleading is required. To the extent that a response is required, Defendants deny all allegations in Paragraph 21.

22.     Paragraph 22 purports to quote a statute, which speaks for itself and requires no response. Paragraph 22 also states conclusions of law and arguments, to which no responsive pleading is required. To the extent that a response is required, Defendants deny all allegations in Paragraph 22.

23.     Paragraph 23 purports to quote a statute, which speaks for itself and requires no response. Paragraph 23 also states conclusions of law and arguments, to which no responsive pleading is required. To the extent that a response is required, Defendants deny all allegations in Paragraph 23.

## DOCUMENTS RELIED UPON FOR THE COMPLAINT'S ALLEGATIONS

24.     Paragraph 24 asserts conclusions of law and arguments, to which no responsive

pleading is required. Paragraph 24 also purports to identify the documents on which Plaintiffs relied for the Complaint, to which Defendants lack information sufficient to form a belief, and therefore deny. To the extent that a further response is required, Defendants deny all allegations in Paragraph 24.

**FACTUAL ALLEGATIONS**

25.     Paragraph 25 asserts conclusions of law and arguments, to which no responsive pleading is required. To the extent that a response is required, Defendants deny all allegations in Paragraph 25.

**A.      Defendants Caused the Plan Participants to Pay Excessive Fees and Lose Returns by Failing to Offer, Monitor, and Investigate Available Lower Cost Mutual Share Classes as Plan Investment Options**

26.     Paragraph 26 purports to describe the operation of mutual funds generally, which is the subject of expert opinion and may vary depending on specific circumstances. Therefore, Defendants deny the allegations in Paragraph 26.

27.     Defendants admit that certain mutual funds may offer different classes of shares, and that different fees may be charged with respect to those different shares. Defendants deny the remaining allegations in Paragraph 27. Paragraph 27 also purports to quote a publication, which speaks for itself and requires no response.

28.     Defendants deny the allegations in Paragraph 28.

29.     Defendants deny the allegations in Paragraph 29.

30.     Defendants admit that, at times during the putative Class Period, the Plan included investment options such as the Janus Henderson Enterprise Fund, among others. Footnotes 4, 5, and 6 of Paragraph 30 reference publicly available materials made available by the SEC. These materials speak for themselves and no response to them is required. Defendants deny all remaining allegations in Paragraph 30.

31.     Defendants admit that, at times during the putative Class Period, the Plan included investment options such as the MFS New Discovery Value Fund, among others. Footnotes 7, 8, 9, 10, and 11 of Paragraph 31 reference publicly available materials made available by the SEC.

6

These materials speak for themselves and no response to them is required. Defendants deny all remaining allegations in Paragraph 31.

32.     Defendants admit that, at times during the putative Class Period, the Plan included investment options such as the John Hancock Disciplined Value Mid Cap Fund, among others. Footnotes 13, 14, and 15 of Paragraph 32 reference publicly available materials made available by the SEC. These materials speak for themselves and no response to them is required. Defendants deny all remaining allegations in Paragraph 32.

33.     Defendants admit that, at times during the putative Class Period, the Plan included investment options such as the American EuroPacific Growth Fund, among others. Footnotes 16, 17, and 18 of Paragraph 33 reference publicly available materials made available by the SEC. These materials speak for themselves and no response to them is required. Defendants deny all remaining allegations in Paragraph 33.

34.     Defendants admit that, at times during the putative Class Period, the Plan included investment options such as the Dreyfus Strategic Value Fund, among others. Footnotes 19 and 20 of Paragraph 34 reference publicly available materials made available by the SEC. These materials speak for themselves and no response to them is required. Defendants deny all remaining allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants deny the allegations in Paragraph 36. Footnote 21 of Paragraph 36 also purports to quote a publication, which speaks for itself and thus no response is required. The inclusion of Footnote 21 also violates Fed. R. Civ. P. 10(b), and thus no response is required.

37.     Defendants deny the allegations in Paragraph 37.

**B. Defendants Wasted Participants' Money Because They Failed to Appropriately Select and Monitor the Plan's Stable Value Fund**

38.     Defendants admit that, at times during the putative Class Period, the Plan included investment options such as the Prudential Guaranteed Income Fund, among others. Defendants deny the remaining allegations in Paragraph 38.

39.    Paragraph 39 purports to describe stable value funds in general, which is the subject of expert opinion and cannot be admitted or denied based on generalized statements. Defendants therefore deny the allegations in Paragraph 39. Footnote 22 of Paragraph 39 contains a reference to a publicly available resource, which speaks for itself and to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the resource cited in Footnote 22.

40.    Paragraph 40 purports to describe stable value funds in general, which is the subject of expert opinion and cannot be admitted or denied based on generalized statements. Defendants therefore deny the allegations in Paragraph 40.

41.    Paragraph 41 purports to describe stable value fund products in general, which is the subject of expert opinion and cannot be admitted or denied based on generalized statements. Defendants therefore deny the allegations in Paragraph 41. Footnote 23 of Paragraph 41 contains a reference to a publicly available resource, which speaks for itself and to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the resource cited in Footnote 23.

42.    Defendants admit that, at times during the putative Class Period, the Plan included investment options such as the Prudential Guaranteed Income Fund, among others. Defendants admit that the Prudential GIF is subject to the terms of an investment contract. Defendants deny all remaining allegations in Paragraph 42.

43.    Defendants admit that the Prudential GIF is subject to the terms of an investment contract and refers to that contract as the best evidence of its content. Defendants deny the remaining allegations in Paragraph 43.

44.    Defendants deny the allegations in Paragraph 44.

45.    Defendants deny the allegations in Paragraph 45 and the table included therein. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 45 regarding other plans and, on that basis, deny them. Paragraph 45 also asserts arguments and conclusions of law, to which no response is required. Paragraph 45 also purports to

characterize a document from the National Association of Government Defined Contribution Administrators and a complaint filed in another matter. These documents speak for themselves and thus no response is required. The inclusion of Footnotes 24 and 25 also violates Fed. R. Civ. P. 10(b), and thus no response is required. To the extent a response is required to any part of Paragraph 45 and Footnotes 24 and 25, Defendants deny the allegations contained therein.

46.    Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 46 regarding other plans and, on that basis, deny them. Paragraph 46 also asserts arguments and conclusions of law, to which no response is required. Paragraph 46 also purports to quote a complaint filed in another matter, which speaks for itself, and to which no response is required. The inclusion of Footnote 26 also violates Fed. R. Civ. P. 10(b), and thus no response is required. To the extent a response is required to any part of Paragraph 46, Defendants deny the allegations contained therein.

47.    Defendants deny the allegations in Paragraph 47.

48.    Defendants deny the allegations in Paragraph 48 and the table included therein. Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 48 regarding other plans and, on that basis, deny them. Paragraph 48 also asserts arguments and conclusions of law, to which no response is required. The inclusion of Footnote 27 also violates Fed. R. Civ. P. 10(b), and thus no response is required. To the extent that a response is required, Defendants deny all remaining allegations in Paragraph 48 and Footnote 27.

49.    Paragraph 49 asserts arguments and conclusions of law, to which no response is required. Paragraph 49 also purports to quote the fact sheets for the Prudential Guaranteed Long Term and Guaranteed Income Funds. These documents speak for themselves and thus no response is required. The inclusion of Footnotes 28 and 29 also violates Fed. R. Civ. P. 10(b), and thus no response is required. To the extent that a response is required, Defendants deny all allegations in Paragraph 49 and Footnotes 28 and 29.

50.    Defendants deny the allegations in Paragraph 50.

51.    Defendants lack sufficient knowledge to admit or deny the allegations regarding

the various TIAA investment products referenced in the tables included in Paragraph 51 and, on that basis, deny them. Defendants deny all remaining allegations in Paragraph 51.

52.    Defendants deny the allegations in Paragraph 52 and Footnotes 30 and 31. Paragraph 52 also asserts arguments and conclusions of law, to which no response is required. Paragraph 52 also purports to characterize TIAA products' fact sheets, cited in Footnotes 30 and 31. These materials are publicly available and speak for themselves, thus no response is required. The inclusion of Footnotes 30 and 31 also violates Fed. R. Civ. P. 10(b), and thus no response is required. Defendants deny all remaining allegations in Paragraph 52 and Footnotes 30 and 31.

53.    Defendants deny the allegations in Paragraph 53. Paragraph 53 also asserts conclusions of law and arguments, to which no responsive pleading is required. Paragraph 53 also purports to characterize information obtained from the Blue Prairie stable fund database, which speaks for itself thus requires no response. Defendants deny all remaining allegations in Paragraph 53.

54.    Defendants deny the allegations in Paragraph 54.

55.    Defendants deny the allegations in Paragraph 55.

56.    Defendants deny the allegations in Paragraph 56.

57.    Defendants deny the allegations in Paragraph 57.

58.    Defendants deny that there has been a loss to the Plan caused by Defendants' conduct. Defendants deny all remaining allegations in Paragraph 58.

59.    Defendants deny the allegations in Paragraph 59.

## CLASS ACTION ALLEGATIONS

60.    Paragraph 60 asserts conclusions of law and arguments, to which no responsive pleading is required. To the extent that a response is required, Defendants deny all allegations in Paragraph 60.

61.    Paragraph 61 asserts arguments and conclusions of law to which no response is required. To the extent that a response is required, Defendants admit that Plaintiffs seek to bring claims on behalf of a class, but Defendants deny that class treatment pursuant to Fed. R. Civ. P.

23 is appropriate here and deny the remaining allegations in Paragraph 61.

62.    Paragraph 62 asserts arguments and conclusions of law to which no responsive pleading is required. To the extent that a response is required, Defendants admit that Plaintiffs seek to bring claims on behalf of a class, but Defendants deny that class treatment pursuant to Fed. R. Civ. P. 23 is appropriate here and deny the remaining allegations in Paragraph 62, inclusive of subparts (a) and (b).

63.    Paragraph 63 asserts arguments and conclusions of law to which no response is required. To the extent that a response is required, Defendants admit that Plaintiffs seek to bring claims on behalf of a class, but Defendants deny that class treatment pursuant to Fed. R. Civ. P. 23 is appropriate here and deny the remaining allegations in Paragraph 63.

64.    Paragraph 64 asserts arguments and conclusions of law to which no response is required. To the extent that a response is required, Defendants admit that Plaintiffs seek to bring claims on behalf of a class, but Defendants deny that class treatment pursuant to Fed. R. Civ. P. 23 is appropriate here and deny the remaining allegations in Paragraph 64.

65.    Paragraph 65 asserts arguments and conclusions of law to which no response is required. To the extent that a response is required, Defendants admit that Plaintiffs seek to bring claims on behalf of a class, but Defendants deny that class treatment pursuant to Fed. R. Civ. P. 23 is appropriate here and deny the remaining allegations in Paragraph 65.

66.    Paragraph 66 asserts arguments and conclusions of law to which no response is required. To the extent that a response is required, Defendants admit that Plaintiffs seek to bring claims on behalf of a class, but Defendants deny that class treatment pursuant to Fed. R. Civ. P. 23 is appropriate here and deny the remaining allegations in Paragraph 66.

## COUNT I

### Breaches of Fiduciary Duties

67.    Paragraph 67 merely repeats and re-alleges the allegations contained in the preceding paragraphs of the Third Amended Complaint. Accordingly, no further response is required. To the extent a response is required, Defendants restate and reincorporate their responses

11

to each of the preceding paragraphs as though fully set forth herein.

68.    Defendants deny the allegations in Paragraph 68.

69.    Defendants deny the allegations in Paragraph 69. In addition, Paragraph 69 purports to quote a judicial opinion, which speaks for itself and requires no response. Paragraph 69 also asserts arguments and conclusions of law to which no response is required.

70.    Defendants deny the allegations in Paragraph 70.

71.    Defendants deny the allegations in Paragraph 71.

72.    Defendants deny the allegations in Paragraph 72.

## PRAYER FOR RELIEF

To the extent that a response to Plaintiffs' Prayer for Relief is required, Defendants deny each and every allegation contained therein, deny all of Plaintiffs' claims, deny that Defendants engaged in any violation of the law or other wrongdoing, and deny that Plaintiffs are entitled to any and all of the relief sought therein, including any damages, fees, disbursements, costs, or other purported equitable relief, individually or on behalf of other participants in the Plan they seek to represent.

\*      \*      \*

## GENERAL DENIAL

Defendants deny each and every allegation of Plaintiffs' Complaint that were not specifically admitted above or otherwise responded to. Defendants also deny each and every allegation to the extent they are included in headings, section headings, or footnotes and not in numbered paragraphs as required by Fed. R. Civ. P. 10(b).

## DEFENDANTS' DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiffs and the putative class, and expressly denying any and all wrongdoing, Defendants allege the following defenses and affirmative defenses:

12

**FIRST DEFENSE**

The claims of Plaintiffs and the members of the putative class are barred, in whole or in part, by any applicable statute of limitations or repose including, but not limited to, ERISA § 413, 29 U.S.C. § 1113.

**SECOND DEFENSE**

To the extent any named Plaintiff and/or any other members of the putative class have executed a waiver or release of claims against the Defendants, their claims may be barred, in whole or in part, by the waiver or release of claims.

**THIRD DEFENSE**

The claims of Plaintiffs and/or other members of the putative class are barred, in whole or in part, by their lack of standing.

**FOURTH DEFENSE**

Defendants are relieved of any alleged liability for any alleged damages or losses based on the Plan participants' exercise of control over their individual accounts pursuant to ERISA § 404(c), 29 U.S.C. § 1104(c).

**FIFTH DEFENSE**

The Defendants are not, or were not acting as, fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1102(21)(A), with respect to certain purported misconduct alleged by Plaintiffs.

**SIXTH DEFENSE**

Defendants are relieved of any alleged liability based on Plan participants' exercise of control over their individual accounts pursuant to ERISA § 404(c), 29 U.S.C. § 1104(c), and/or

13

because neither the Plaintiffs, the Plan, nor anyone else suffered a loss as a result of the actions or inactions of Defendants under ERISA § 404(c).

### SEVENTH DEFENSE

Any losses alleged by Plaintiffs were not caused by any alleged breach of fiduciary duty by Defendants, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a) and elsewhere, but resulted from economic causes and events not related to any alleged breaches of fiduciary duty and from matters over which Defendants had no control.

### EIGHTH DEFENSE

Any losses alleged by Plaintiffs were not caused by any fault, act, or omission by Defendants, as set forth in ERISA § 409(a), 29 U.S.C. § 1109(a) and elsewhere, but were caused by circumstances, entities, or persons, including Plaintiffs, for which Defendants are not responsible and cannot be held liable.

### NINTH DEFENSE

The Plan's investments, including but not limited to the Plan's stable value fund and the funds subject to Plaintiffs' share class claim allegations, were substantively/objectively prudent.

### TENTH DEFENSE

A hypothetical prudent fiduciary could and would have selected the same investment options, including but not limited to the Plan's stable value fund and the share classes of the funds subject to Plaintiffs' share class claim allegations.

### ELEVENTH DEFENSE

Plaintiffs are not entitled to certification of this action as a class action because they cannot satisfy the requirements of Federal Rule of Civil Procedure 23(a) or (b) in this case.

**TWELFTH DEFENSE**

Plaintiffs are not entitled to proceed on behalf of all Plan participants without satisfying all requirements of Federal Rule of Civil Procedure 23.

**THIRTEENTH DEFENSE**

Plaintiffs fail to state a claim upon which relief can be granted.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate any damages they may have suffered.

**FIFTEENTH DEFENSE**

To the extent that Plaintiffs' claims are premised on the fiduciary status of the Defendants, these claims are barred against all Defendants who are not fiduciaries of the Plan or were not fiduciaries for purposes of the claims alleged.

\*       \*       \*

In addition, Defendants presently have insufficient knowledge or information to form a belief as to whether they may have additional, as-yet-unstated, separate defenses or counterclaims available to them. Defendants have not knowingly or intentionally waived any applicable defenses or affirmative defenses. Defendants reserve the right to amend this Answer to add, supplement, or modify defenses and counterclaims based upon legal theories that may be or will be divulged through clarification of the Complaint, through decisions of the Court, through discovery, or through further factual or legal analysis of Plaintiffs' allegations, contentions, and positions in this litigation.

15

## **PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiffs' Complaint in its entirety, Defendants pray

for judgment as set forth below:

    A.  An order dismissing all claims with prejudice;

    B.  An order awarding costs to Defendants;

    C.  An order awarding attorneys' fees to Defendants; and

    D.  Any such other and further relief as the Court deems just and proper.

Dated: June 11, 2025

By: */s/ Reginald R. Goeke*

Reginald R. Goeke
E. Brantley Webb (admitted *pro hac vice*)
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3000
rgoeke@mayerbrown.com
bwebb@mayerbrown.com

Nancy G. Ross (admitted *pro hac vice*)
Michael Bornhorst (admitted *pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600
nross@mayerbrown.com
mbornhorst@mayerbrown.com

*Counsel for Defendants Long Island Community Hospital, Robert Schwarz, Ernest Patrick Smith, Lisa Rose, Richard Margulis, James Maiorino, Walter Ladick, Mark Mulholland, Marc Adler, and Frederick C. Braun, III*

16

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on this date, June 11, 2025, I caused the foregoing to be electronically filed using the CM/ECF system, which will send notification of such filing(s) to all those registered with the ECF system.

*/s/ Reginald R. Goeke*
Reginald R. Goeke

17